**Danny R. GOINS, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of
Veterans Affairs, Respondent–
Appellee.**

No. 03–7074.

United States Court of Appeals,
Federal Circuit.

June 2, 2003.

Before RADER, SCHALL, and PROST,
Circuit Judges.

SCHALL, Circuit Judge.

*ORDER*

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Danny R. Goins' ap-

peal for lack of jurisdiction. Goins has not responded.

Goins appealed to the United States Court of Appeals for Veterans Claims from a 2002 Board of Veterans' Appeals (BVA) decision that found no clear and unmistakable error (CUE) in an April 1996 BVA decision assigning a 1984 effective date for a service connection award. The Court of Appeals for Veterans Claims found that Goins "fail[ed] to present an argument that shows any error in the April 1996[BVA] decision." Accordingly, "because [Goins] did not identify alleged errors in the April 1996 BVA decision," the Court of Appeals for Veterans Claims concluded that Goins "did not present a valid CUE claim" and affirmed the BVA's 2002 decision. Goins appealed.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Veterans Court. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed.Cir. 2002) (en banc). This court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Goins' appeal does not satisfy any of the grounds for invoking this court's jurisdiction. In his informal brief, Goins' primary assertion is that the Court of Appeals for Veterans Claims failed to consider "corruption in the VA" and "the late President Johnson['s] book titled Taking Charge!" Goins asks this court to "approve my CUE claim with a new effective date back to ... 1975." Goins fails to assert any constitutional challenge concerning the decision on appeal, and he raises no issue concerning the validity or interpretation of a statute or regulation. The Veterans Court's factual determinations pertaining to the sufficiency of Goins' CUE claim or application of the law of CUE to the facts are not within our jurisdiction. In these circumstances, this court lacks jurisdiction to review Goins' appeal. *See* 38 U.S.C. § 7292(d).

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.